UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case: 1:20−mc−00024
Assigned To : Lamberth, Royce C.
Assign. Date : 4/20/2020
Description: Misc.

TERRA BARRS,

      Petitioner,

      v.

FEDERAL TRADE COMMISSION,

      Respondent.

Case No. _____

## MOTION TO QUASH JUDICIAL SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

Petitioner, Terra Barrs, by and through the undersigned counsel and pursuant to Section 1110 of the Right to Financial Privacy Act of 1978 as well as 12 U.S.C. §3401, et seq. and Fed. R. Civ. P. 45 and Local Rule 7, hereby moves this Court to quash the judicial subpoenas served to Petitioner on April 8, 2020.   These two subpoenas require the production of petitioner's confidential financial records maintained by her credit union - McCoy Federal Credit Union.  In support of this motion, the Petitioner states as follows:

1.  Petitioner is a customer of McCoy Federal Credit Union as defined under 12 U.S.C. §3410(a), and she has a privacy interest in the confidential financial

1


RECEIVED

APR 20 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

records held by her credit union as afforded to her under the Right to Financial Privacy Act.

2. Respondent, Federal Trade Commissions ("FTC"), is seeking the production of the Petitioner's financial records being held by McCoy Federal Credit Union.

3. For the reasons set forth in the incorporated memorandum of law, this Court should quash the two judicial subpoenas that are attached as **Exhibit 1 and 2** to this Motion.

## MEMORANDUM OF LAW

## INTRODUCTION

This matter stems from civil case in the district court for the Middle District of Florida styled *Federal Trade Commission, Office Of The Attorney General, State Of Florida, Department of Legal Affairs v. Life Management Services Of Orange County, LLC, a Florida limited liability company, et al.*, Case 6:16-cv-00982-CEM-GJK ("the Florida action"). In November 2011, Kevin Guice created Loyal Financial & Credit Services, LLC ("Loyal"). Through Loyal, Mr. Guice allegedly established a telemarketing company that sold debt-relief services. The first service sold by Loyal was a program that assisted individuals in obtaining lower interest rates on their existing credit card debt—the lower interest rate ("LI") program.

Loyal's alleged method of obtaining lower interest rates for customers involved getting the customers new credit cards with promotional zero percent interest rates and then directing the customers to transfer their existing credit card debt to the new cards.  Additionally, Loyal allegedly would sometimes negotiate with the customers' credit card companies to have the account placed in "hardship" status—i.e., the account would be closed, and customers would be given a zero or near zero percent interest rate for a certain period of time within which they were required to pay off their balance.

In 2013, Loyal allegedly began selling debt-elimination ("DE") services. These services were marketed to Loyal's LI clients who had a certain amount of credit card debt.

In February 2014, Life Management Services of Orange County, LLC ("LMS") was established, and allegedly began offering the same LI and DE programs as Loyal.  Throughout this time period, eleven other companies were established as allegedly part of Loyal's and LMS's business operations.

The Federal Trade Commission ("FTC") and the State of Florida began investigating Kevin Guice and certain corporate defendants for violations of Section 5 of the FTC Act, 15 U.S.C. § 53(b), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et. seq., and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.1 et seq.  As a result, Plaintiffs

filed the Florida action, and on or about June 8, 2016, all of Defendants' business activities relating to Loyal, LMS, and the Shell Defendants ceased operations due to a Temporary Restraining Order (Doc. 36) issued by the middle district court.

FTC and the State of Florida filed for summary judgment against the defendants (Doc. 163), and on December 7, 2018, summary judgment and a permanent injunction was granted against Kevin Guice and he was ordered to pay damages. (Doc. 225). A receiver was appointed to collect the damages. The final order is currently on appeal to the 11th Circuit Court of Appeal in Case No: 19-14248-K.

Of importance for this motion, **Petitioner, Terra Barrs, was not a named party to the above-styled case, nor has any relevant judgment been entered against her relating to an alleged violation of any federal statute**.

On April 8, 2020, the FTC served two proposed subpoenas on Terra Barrs through the undersigned attorney. Said subpoenas were directed to McCoy Federal Credit Union ("McCoy FCU"). The first subpoena seeks for McCoy FCU to disclose account holder's name, address, account numbers, types of accounts held, signature cards, all account opening documents, bank statements, all money transfers, deposits, and any other documents relating to the accounts held in the names of Four19 Solutions, LLC, Pinnacle Business Fundings, LLC, Let Us Know We Can Help, LLC or Terra Barrs, Kevin Guice, Shannon Guice, or Heather Cline.

*See attached* **Exhibit 1**.

The second subpoena seeks the same information as the first subpoena as to any account maintained by McCoy FCU in the name of Terra Barrs or that was assigned to the following account number-000592XXXX. *See attached* **Exhibit 2**.

In its Notice, the FTC asserts that the subpoenas were issued because "[t]he Commission wants these materials because we believe they have information concerning our investigation into Kevin Guice's [alleged] involvement in Four19 Solutions, LLC." *See attached* **Exhibit 3, Notice of FTC**.

Petitioner asserts that the subpoenas should be quashed as to her individual personal account with McCoy FCU as FTC is merely conducting a fishing expedition without any probable cause or legitimate basis to justify its intrusion into Petitioner's private and confidential personal financial records.

## I.     Petitioner's Motion to Quash is Timely and Filed with the Appropriate Court.

The FTC served the undersigned counsel with the two judicial subpoenas on April 8, 2020, via email, and 12 U.S.C. §3407, affords Petitioner ten (10) days to file a sworn statement and motion to quash in an appropriate court challenging whether the subpoenas.

Ten days from the April 8, 2020, is April 18, 2020, which was a Saturday. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, in computing time for any rule, court order, or statute that does not specify the method of computing time, if the

last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, the deadline for Petitioner to file her opposition to the subpoenas is Monday, April 20, 2020.

Likewise, the Motion is appropriately filed with this Court as the two subpoenas require compliance in Washington, D.C.  Petitioner filed a prior Motion to Quash in the district court for the Middle District of Florida, where Petitioner believed the Motion should be filed.  The district court issued an Order denying the Motion to Quash based, in part, on its conclusion that, pursuant to Federal Rule of Civil Procedure 45, "the district court with jurisdiction to enforce and to quash subpoenas is 'the court for the direct where compliance is required,' which may or may not be the court that issued the subpoena." *See attached* **Exhibit 4, Order**; *see also Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-cv-203-Orl-41 TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014).

While Petitioner does not agree with the district court's conclusion, Petitioner has complied with the ruling of the district court and is proceeding with timely filing this Motion to Quash within this district, which is where compliance of the subpoenas is required.

## II.     FTC's Motion Is Defective Due to Its Failure to Comply with Rule 45 of the Federal Rules of Civil Procedure

Rule 45 of the Federal Rule of Civil Procedure governs subpoenas in civil

cases.   The rule sets forth the permissible places for compliance with a judicial subpoena.  Both Rule 45(c)(1) and (c)(2) provides that documents can be compelled to be produced "within 100 miles of where the person resides, is employed, or regularly transacts business."

Terra Barrs lives in Orlando, Florida, and McCoy Federal Credit Union is based in Orlando, Florida, and its principal business address is 41 W. Michigan Street, Orlando, FL  32806.  *See attached* **Exhibit 5, Credit Union Details**.  Yet, the FTC is commanding that McCoy Federal comply by delivering documents in Washington, D.C., which is more than 100 miles from Orlando, Florida.

Accordingly, the two subpoenas at issue are defective and violate Rule 45.  For this reason alone, the subpoenas should be quashed by this Court.

**III.  FTC Lacks a Legitimate Reasons and Probable Cause to Justify Conducting a Search of Petitioner's Financial Records in Violation of Petitioner's Right to Privacy and Due Process Rights under the Florida and United States Constitutions and under the Right to Financial Privacy Act**

The financial records sought by the Federal Trade Commission ("FTC") as to Terra Barrs individually are not relevant to the law enforcement inquiry described in the FTC's notice of request for financial records because Petitioner's individual account has been owned by her personally for **over thirty years** (long before any of the relevant businesses were created); has remained solely in Petitioner's name individually, and has never been used for any businesses.   Moreover, Kevin W.

Guice, Shannon Guice, and Heather Cline have never been an owner of the account, nor have they ever been signatories on the account.  These facts are sworn to by Petitioner as set forth in **Exhibit 6, Sworn Statement from Petitioner Terra Barrs (Motion to Quash).**

Additionally, the Federal Trade Commission's request to be given copies of Petitioner's monthly bank statements, checks, or wire transfers is an invasion of Petitioner's privacy rights afforded under the Right to Financial Privacy Act and under Florida's right to privacy as set forth in Art. I, Sec. 23 of the Florida Constitution.  *See* Art. I, Sec. 23, Fla. Const. ("Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein. . . .").

The Federal Trade Commission is attempting to conduct a baseless fishing expedition and search under the color of state power in violation of Right to Financial Privacy Act and Petitioner's Fifth and Fourteenth Amendment Due Process Rights under the US Constitution and under Art. I, Sec. 12 of the Florida Constitution.

Congress recognized the above rights in enacting the Right to Financial Privacy Act, which requires that a state agency establish that it has a legitimate basis for requesting the financial records and a reasonable belief, i.e. probable cause, that the records sought are relevant to that inquiry.  *See* 12 U.S.C. 3410(c).

In this case, Petitioner's individual bank account was established long before the corporate entities in question, it was never used by or for any businesses, and Kevin Guice, Shannon Guice, and Heather Cline have never been a signatory on that account. The FTC has no legitimate basis for seeking Petitioner Terra Barrs' individual financial records.

As Petitioner has complied with 12 U.S.C. §3410(a) and the FTC has no legitimate basis for seeking Petitioner's individual financial records and no reasonable belief that the records sought are relevant to any legitimate inquiry, Petitioner requests that this Court quash the subpoenas to the extent that said subpoenas request the financial records of Terra Barrs or of any bank account that is solely in her name.

Lastly, even if the subpoenas are not quashed in their entirety, any documents or information obtained should remain confidential and should not be disclosed to any other government agency beyond the FTC or any other entity, nor should the records be shared with any other person, including, but not limited to, the receiver appointed in the above-styled matter as the receiver is not a federal agency nor is Petitioner subject to any order that would authorize the receiver access to her financial information.

12 U.S.C. §3412(a) provides that the "financial records obtained pursuant to this chapter shall not be transferred to another agency or department unless the

transferring agency or department certifies in writing that there is reason to believe that the records are relevant to a legitimate law enforcement inquiry, or intelligence or counterintelligence activity, investigation or analysis related to international terrorism within the jurisdiction of the receiving agency or department." Thus, there is no basis for these documents to be transferred to any private individual, such as the receiver in this case, and the documents should not be transferred to any other agency without strict compliance with the above provisions.

## STATEMENT OF THE SPECIFIC POINTS OF LAW

In accordance with LCvR 7(a), Petitioner asserts that the specific points of law are:

(a) The subpoenas are defective in requiring compliance outside of the 100 miles limits of a district court's subpoena powers as set forth in Federal Rule of Civil Procedure 45(c).

(b) The subpoenas should be quashed because the FTC does not have a legitimate basis for seeking Petitioner's individual financial records and it has no reasonable belief that the records sought are relevant to any legitimate inquiry as required under 12 U.S.C. 3410(c).

(c) In the event this Court does not quash the subpoenas, any financial records should remain confidential and should not be disclosed to other persons at all and should not be disclosed to other agencies without strict compliance with 12

U.S.C. §3412(a).

**CERTIFICATE OF COMPLIANCE WITH DUTY TO CONFER**

The undersigned counsel reached out to the counsel for the FTC and requested that the FTC withdraw its two subpoenas.  The FTC's counsel, Dillon Lappe, Esq., responded that he believed the subpoenas were proper and that he was not going to withdraw them.

s/ Henry G. Gyden
**Henry G. Gyden, Esq.**
Florida Bar No.: 0158127

WHEREFORE Petitioner requests that this Court grant the relief requested in this Motion and quash the subpoenas of the FTC as to Petitioner Terra Barrs and any account solely in her name and afford such other relief and protection as this Court deems warranted.

Respectfully submitted,

/s/ Henry G. Gyden
**Henry G. Gyden, Esq.**
Florida Bar No.: 0158127
**GYDEN LAW GROUP, P.A.**
1228 East 7th Ave.
Suite 200
Tampa, Florida 33605
Telephone: (813) 493-4181
Facsimile: (813) 337-0244
FAX
hgyden@gydenlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the above-captioned Court using the COVID-19 email addresses authorized by this district on this 20th day of April, 2020. As such, the foregoing was served electronically upon all counsel via email to

Dillon Lappe, Esq.
Counsel for Federal Trade Commission
dlappe@ftc.gov

/s/ Henry G. Gyden
**Henry G. Gyden, Esq.**
Florida Bar No.: 0158127
**GYDEN LAW GROUP, P.A.**
1228 East 7th Ave.
Suite 200
Tampa, Florida 33605
Telephone: (813) 493-4181
Facsimile: (813) 337-0244
FAX
hgyden@gydenlaw.com